IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-80,677-01






EX PARTE PERRY JOE PATTERSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W08-11133-P (A) IN THE 203RD DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Fifth Court of Appeals affirmed his conviction. 
Patterson v. State, No. 05-10-01395-CR (Tex. App.--Dallas Jul. 25, 2012) (unpublished).

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel did not correspond with Applicant after his conviction was affirmed on appeal, and
preempted Applicant's pro se petition for discretionary review by filing a petition for discretionary
review without Applicant's consent. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact and conclusions of law detailing how Applicant's
appellate counsel communicated with Applicant about the discretionary review phase of appellate
litigation, and whether appellate counsel pursued discretionary review against Applicant's wishes,
preventing Applicant from pursuing discretionary review pro se. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: March 12, 2014

Do not publish